UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROMON BOJORQUEZ,
    Plaintiff,

vs.                       07-1001

ILLINOIS DEPARTMENT OF CORRECTIONS, et. al.,
    Defendants.

## ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 against three defendants: the Illinois Department of Corrections, Correctional Officer Fritz and Lieutenant Allen. The plaintiff claims the defendants violated his Eighth Amendment rights when they failed to protect him from attack by another inmate on September 20, 2005.

    The plaintiff says two months prior to the attack, he informed Officer Fritz and Lieutenant Allen that he had been threatened by Inmate Erasmo Barrera several times and asked to be moved to a different cell. The plaintiff says the officers took no action and as a result, Barrera attacked him and stabbed him in the face with a pen. The plaintiff says he ended up with a "hole in my face as well as loss of good time..." (Comp., p. 5)

    The plaintiff has attached several documents to his complaint. The September 23, 2005 Adjustment Committee Report shows that the plaintiff was found guilty of Assaulting Any Person and Damage or Misuse of Property. The investigating officer talked to both inmates as well as two confidential sources. All agreed that both Barrera and the plaintiff has been arguing for two weeks about Barrera making too much noise in the morning.

    On the morning of September 20, 2001, the two inmates were arguing again in their cell. As the argument progressed, Barrera picked up a pencil and stabbed the plaintiff in the side. The plaintiff then picked up an extension cord and began whipping Barrera. Barrera ran from the cell and the plaintiff followed. Barrera then stabbed the plaintiff in the left check and hand with the pencil. Officers arrived and noticed a puncture wound in the plaintiff's hand and blood on his shirt. Barrera had cuts all over his body. Both inmates admitted to assaulting each other and both were taken to the health care unit. A fan was also broken in the brawl which lead to the

1

damage to property charge.

The plaintiff has also including the Administrative Review Board hearing on December 14, 2005.  The plaintiff was asked to provide a statement at the hearing and was assisted by a Spanish interpreter.  He told the committee that Barrera had previously threatened to stab him while he was sleeping.  He told the defendants, but they ignored the threat.  The plaintiff said he was arguing with Barrera when he stabbed him.  He then picked up the extension cord and began whipping Barrera in self defense. The committee recommended a rehearing at Pontiac Correctional Center so the plaintiff could be afforded a Spanish interpreter.

A second Adjustment Committee hearing was held on March 20, 2006 with an interpreter.  The plaintiff stated that he was not guilty.  That he did not go to breakfast and was asleep when Barrera returned to the cell and stabbed in the leg.   The plaintiff also says that he warned officers two weeks prior to the incident that Barrera had threatened to stab him in his sleep.

The plaintiff admits he was found guilty and lost good time credits.  In addition, it does not appear that this finding has been overturned..  In  *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration.  In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement.

 The plaintiff has given different versions of the events that occurred on September 20, 2005.  Its not clear how much of the inconsistency is due to the lack of an interpreter during the initial hearings.  However, based on the record before the court, it does not appear that the plaintiff's failure to protect claim seeks to invalidate the finding in his disciplinary hearing.   The plaintiff is claiming he warned Defendants Fritz and Allen about the problems with his cell mate, but no action was taken.  As a result, the two got into a physical fight on September 20, 2005.  All accounts indicate that Inmate Barrera was the first to strike the plaintiff.  Without more, the court cannot say that this claim is barred by *Heck*.

Lastly, the court finds that the plaintiff has not stated any official capacity claims.  In order for the plaintiff to succeed on an official capacity claim under §1983  he must allege that he suffered injuries of a constitutional magnitude as the result of an official policy, custom, or practice. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).   The plaintiff makes no such allegations in his complaint.  Therefore, the court will dismiss any official capacity claims and any claims against the Illinois Department of Corrections.

**IT IS THEREFORE ORDERED that**:

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has adequately alleged that Defendants Correctional**

> **Officer Fritz and Lieutenant Allen violated the Eighth Amendment when they failed to protect the plaintiff from attack by another inmate. The claim is against the defendants in their individual capacities only.**

2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk is directed to dismiss Defendant Illinois Department of Corrections and any official capacity claims.

3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4)  The necessary deficiency orders are directed to be entered, if any.

5)  After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)  The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this __2nd_____ day of February, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE