UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROMON BOJORQUEZ,
    Plaintiff,

vs.    07-1001

CORRECTIONAL OFFICERS FRITZ and ALLEN,
    Defendants.

## CASE MANAGEMENT ORDER #1

This cause is before the court for case management and further consideration of the plaintiff's motion for legal assistance. [d/e 9]. The plaintiff appeared pro se with the assistance of the Pinckneyville Correctional Center Spanish Interpreter, Laura Lehr. The defendants were represented by Assistant Attorney General Heidi Hildebrand.

The plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983 and has alleged that Defendants Correctional Officer Fritz and Lieutenant Allen violated the Eighth Amendment when they failed to protect the plaintiff from an attack by another inmate.

The plaintiff has filed a motion asking for assistance with his lawsuit. [d/e 9] The plaintiff has no constitutional or statutory right to be represented by an attorney. In deciding whether to appoint counsel in a particular case, the court must determine whether the plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of the lawsuit. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The plaintiff says he does not speak English and does not understand the proceedings. During the hearing, the interpreter stated that while the plaintiff does understand most of what is said to him, he is not able to respond well without the help of an interpreter. When asked who has filed the pleadings in this case, the plaintiff stated that he has done most of them on his own with the assistance of different individuals in the law library.

The plaintiff's pleadings have all been concise and easy to understand. His complaint was more coherent than many others drafted by prisoners. He has one claim that is not complex. In addition, the plaintiff has also been able to follow court orders. For instance, there was some question as to whether the plaintiff had exhausted his administrative remedies, and he was able to comply with the court's request for documentation. *See* November 11, 2007 Text Order; January 23, 2007 response.

The defendants have now filed a motion for summary judgment claiming that the plaintiff's case is barred since he has already been found guilty of participating in the fight with

the other inmate. "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok,* 520 U.S. 641 (1997).

The court cannot say that appointing an attorney at this stage of the proceedings is appropriate.

> Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d 940, 951 (W.D.Wis July 27, 2004).

Based on the pleadings in this case, the plaintiff is capable of responding to the defendants' motion. If the plaintiff encounters additional difficulties or he is denied continued assistance in responding to court orders, he can renew his motion in the future. However, at this point the court must first determine whether his lawsuit is barred by *Heck.* Therefore, the plaintiff must file a response on or before November 6, 2007. The defendants will have two weeks to provide a reply.

IT IS THEREFORE ORDERED that:

1) The plaintiff's motion for legal assistance is denied. [d/e 9]

2) The plaintiff must file a response to the pending motion for summary judgement on or before November 6, 2007. The defendants have two weeks to file a reply if necessary.

ENTERED this 5th day of October, 2007.

                                            **s\Harold A. Baker**
                              _____
                                        HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE