E-FILED
Monday, 08 September, 2008 12:03:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROMON BOJORQUEZ,
Plaintiff,

vs. 07-1001

CORRECTIONAL OFFICERS FRITZ and ALLEN,
Defendants.

SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the defendants motion for summary judgement. [d/e 20].

I. BACKGROUND

On February 2, 2007, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had alleged that Defendants Officer Fritz and Lieutenant Allen violated the Eighth Amendment when they failed to protect the plaintiff from an attack by another inmate.

II. FACTS

In September of 2005, the plaintiff was housed at Logan Correctional Center with Inmate Erasmo Barrera. On September 21, 2005, a disciplinary ticket was written accusing the plaintiff of assaulting another person and damaging property.

The disciplinary report indicates that the officer spoke with both the plaintiff and his cell mate as well as two confidential sources. All stated that the plaintiff and his cell mate had been arguing for about two weeks over Inmate Barrera making too much noise in the morning.

On September 20, 2005, the two inmate were arguing again shortly before six in the morning. As the argument progressed, Inmate Barrera picked up a pencil and stabbed the plaintiff in the rib area. The plaintiff then picked up an extension cord and began whipping Inmate Barrera with it. Inmate Barrera ran out of the cell, but the plaintiff followed him and continued to hit him with the cord. Inmate Barrera stabbed the plaintiff in the left check area of his face and his right palm. A fan was broken during the assault. The report states that both inmates admitted to assaulting each other.

On September 23, 2005, an Adjustment Committee hearing was held on the disciplinary ticket. The evidence was repeated, and the plaintiff was found guilty of both charges. He lost

one year of good time credits as a result.

The plaintiff wrote a grievance. On December 14, 2003, the Administrative Review Board considered the grievance. The plaintiff told the committee through an interpreter that he had warned officers that he and his cell mate were not getting along two weeks before the attack. The plaintiff also says he told officers that Inmate Barrera had threatened to stab him when he was asleep. The defendants still took no action.

The Administrative Review Board ruled that the plaintiff was entitled to another hearing before the Adjustment Committee with a Spanish interpreter to assist him. The second hearing was held on March 2, 2006. The plaintiff told the committee he had warned officers about the problems with his cell mate. The plaintiff said on September 20, 2005, he did not go to breakfast and was asleep in the cell. The plaintiff claimed:

> he was asleep when Barrera stabbed him in the leg and then ran. He woke up, saw that he had been stabbed, grabbed an extension cord, and ran after him hitting him with the extension cord. (Def. Memo, Ex. 1D)

The plaintiff further stated that the whole incident could have been avoided if officers had paid attention to his earlier complaints. The plaintiff was still found guilty and lot six months of good time credits. The plaintiff again filed a grievance, but the Administrative Review Board upheld the decision.

## III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "If

[the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

IV. ANALYSIS

The defendants make only one argument in their dispositive motion. The defendants state that the plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

For example, an excessive force claim is not *Heck*-barred simply because a plaintiff received a disciplinary ticket. *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001). Whether a suit is barred by *Heck* hinges on where a finding for the plaintiff would create "two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484.

The defendants say if the plaintiff's allegations are true, the disciplinary ticket would not be valid. The plaintiff disagrees. There are inconsistencies in the facts. For instance, witnesses say the cell mates were arguing shortly before the assault, but the plaintiff claims he was asleep. Nonetheless, there appears to be no debate about who struck the first blow. The fight began when the plaintiff's cell mate stabbed the plaintiff with a pencil. The plaintiff does not deny that he responded by picking up an extension cord and hitting his cell mate, nor does he deny that he chased his cell mate out of the cell and continued to hit him with the cord. A finding that the defendants failed to protect the plaintiff by failing to take any action when he warned them of his cell mates threats would not disturb the findings of the disciplinary ticket. The motion for summary judgement is denied.

**IT IS THEREFORE ORDERED that:**

**1. The defendants' motion for summary judgment is denied [d/e 20].**

2. **A final pretrial conference is scheduled for February 10, 2009 at 1:30 p.m. by video conference. *The Clerk of the Court is to request an interpreter from the institution for the hearing*. The court will also discuss the need for counsel and/or an interpreter at trial. The clerk is to issue a writ for the parties participation in the video conference.**

3. **The parties are further directed to submit the proposed final pretrial order by February 6, 2009.**

4. **The defendants are reminded that they bear the responsibility for preparing the final pretrial order pursuant to Local Rule 16.3-4(H). The proposed order must include (1) the name, prison number, and place of incarceration for each inmate to be called as a witness; 2) the name and place of employment for each Illinois Department of Corrections employee to be called as a witness; and 3) the names and addresses of any witnesses who are not inmates or IDOC employees for whom a party seeks a trial subpoena. The party seeking the subpoena must provide the witness fee and mileage fee to such witness and is responsible for service of the subpoena under Fed. R. Civ. P. 45.**

5. **The parties are reminded that they must disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2)(A)-(C) at least 90 days before the trial date set forth below;**

6. **A jury trial is scheduled for April 27, 2009 at 9:00 a.m. at the U.S. Courthouse, 201 S. Vine St., Urbana, IL. The plaintiff and the defendants shall appear in person before the court sitting in Urbana. Inmates of the Illinois Department of Corrections who are not parties to this case shall appear by video conference and IDOC employees who are not parties may appear by video conference. No trial writs to issue at this time.**

Enter this 8th day of September, 2008.

**s\Harold A. Baker**

_________________________________________
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE